UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUBY LIDDELL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

CASE NO.   04-CV-10121-BC
                   99-CR-20018-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE OR CORRECT SENTENCE**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Petitioner's motion under 28 U.S.C. § 2255 be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an Order of Reference from U.S. District Judge David M. Lawson, is the above-entitled motion filed under 28 U.S.C. § 2255 to vacate Petitioner's federal custodial sentence. (Dkt. 898.) Respondent filed an answer opposing the motion (Dkt. 923), and Petitioner filed a reply (Dkt. 924). Therefore, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

B. **Procedural History**

On February 25, 1999, the grand jury returned a multi-count indictment charging Petitioner and others with conspiracy to possess and distribute crack cocaine, powder cocaine, heroine and marijuana. Ultimately, a second superseding indictment was filed charging Petitioner and 21 others. (Dkt. 495.) Petitioner was charged with conspiracy to possess and distribute various illegal controlled substances in violation of 21 U.S.C. § 846 (Count 1), intentional possession with the intent to distribute a quantity of marijuana (Count 14), and being a previously-convicted felon in possession of firearms (Count 30). Petitioner retained the services of Joseph Scorsone, Jr., as his attorney.

Numerous members of the alleged conspiracy pled guilty, and on March 1, 2001, a jury trial commenced against Petitioner and five other defendants. On March 30, 2001, the jury returned its verdict finding Petitioner guilty on all counts. (Dkt. 646.) On the conspiracy count, the verdict form gave the jury twelve specific "guilty" options and specifically instructed as follows:

> You may select more than one kind of controlled substance for which the defendant is accountable, but you may not select more than one quantity range for each kind of controlled substance. Your verdict as to the kind and amount of a controlled substance must be unanimous.

(Liddell Verdict Form, Dkt. 646 at 1.) The jury found Petitioner guilty on the conspiracy charge and checked the boxes indicating the verdict was based upon the following kinds and quantities of controlled substances:

> Guilty of conspiracy to commit the crime of possession with intent to distribute or to distribute the following:
>
> > various quantities of cocaine totaling 5 kilograms or more,
> > . . . .
> > various quantities of heroin totaling less than 100 grams,
> > . . . .
> > various quantities of cocaine base (crack cocaine) totaling less than 5 grams,

2

> . . . .
> various quantities of marijuana totaling less than 50 kilograms.

(*Id*.)

Prior to sentencing, a Presentence Investigation Report was prepared. Attorney Scorsone prepared five objections to the report, focusing upon the sentencing guideline calculations by the Probation Officer. Petitioner co-signed each of the objections. Petitioner was sentenced on September 24, 2001. After determining the applicable sentencing guideline ranges, Judge Lawson sentenced Petitioner within those ranges as follows: 324 months on Count 1, 60 months on Count 14, and 120 months on Count 30, all sentences to run concurrently. (J., Dkt. 761.)

Petitioner, represented by another attorney, filed a timely appeal. Petitioner's counsel argued that during jury voir dire, the Government violated *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d (1986); that Judge Lawson abused his discretion in admitting into evidence an English translation of several Spanish-language telephone calls authenticated by a Spanish-speaking police officer; that Petitioner was entitled to a mistrial under *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), for failure to strike the testimony of government witness Derrick Peterson; and that Judge Lawson reversibly erred in admitting grand jury testimony into evidence. The Sixth Circuit rejected these arguments and affirmed Petitioner's convictions on May 23, 2003. *United States v. Liddell*, 64 Fed. Appx. 958 (6th Cir. 2003).

On April 6, 2004, the Government filed a motion for reduction of sentence. (Dkt. 893.) A hearing was held on the Government's motion on July 1, 2004. On August 2, 2004, Judge Lawson granted the motion and reduced Petitioner's sentence from 324 months to 204 months. (Dkt. 913.) In the interim, Petitioner timely filed the instant motion on May 3, 2004. (Dkt. 898.) In it, Petitioner seeks to have his sentence vacated based upon the following grounds: (1) that his trial

counsel rendered ineffective assistance by failing to argue at sentencing that the jury's general verdict of guilty on the multiple-drug conspiracy count only "authorized" a sentence based upon a marijuana-related conspiracy, the drug for which the sentence would be the shortest; and (2) that his Fifth Amendment rights were violated when he was sentenced pursuant to a general verdict of guilty on the multiple-drug conspiracy charge, because the judge could not have known whether the jury found Petitioner guilty of a cocaine-related conspiracy, a cocaine-base-related conspiracy, a heroin-related conspiracy, or a marijuana-related conspiracy. (Dkt. 898, Mem. in Supp. at 5, 8.) Petitioner also seeks an evidentiary hearing. (*Id.* at 4.) The Government's response in opposition was filed on November 23, 2004. (Dkt. 923.)

    **C.**    **Motion Standards**

    **1.**    **Governing Law of § 2255**

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A § 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim under § 2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). However, the Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

### 2. Governing Law of Ineffective Assistance of Counsel Claims

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Id*. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id*. Rather, the movant must show that but for counsel's errors, the result would have been favorably different. *Id*. at 693. Although *Strickland* was decided twenty years ago, the Supreme Court has reaffirmed that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims." *Williams v. Taylor*, 529 U.S. 362, 391, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

### D. Analysis & Conclusions

### 1. Both of Petitioner's Grounds for Relief Are Premised on Erroneous Facts

Petitioner's first ground for relief "contends that his counsel provided him ineffective assistance at sentencing for failing to object and argue whether or not a general verdict of guilty authorizes the lowest sentence on Count 1 of Defendant's multiple drug count." (Pet'r's Mot. to Vacate, Dkt. 898, ¶ 12(A)). Ground two of the motion recasts this argument in the form of an alleged Fifth Amendment violation: "[w]hether or not a general verdict of guilty authorizes the lowest sentence on count one of defendant's multiple drug count[.]" (*Id.*, ¶ 12(B)).

These contentions fail at the threshold, I suggest, as they are based upon the erroneous premise that the jury returned a general verdict as to Count 1. The Ninth Circuit, in the context of a civil case, expressed the nature of general verdicts in these terms:

> The Federal Rules do not define general verdicts, but they imply that general verdicts do not involve factual findings but rather ultimate legal conclusions. [] This view is of course consistent with the common law and our own caselaw; in *Floyd v. Laws*, 929 F.2d 1390 (9th Cir. 1991), we held that the theoretical distinction between general and special verdicts is that general verdicts require the jury to apply the law to the facts, and therefore require legal instruction, whereas special verdicts "compel the jury to focus exclusively on its fact-finding role." *Id*. at 1395. Black's defines a general verdict as "[a] verdict whereby the jury find either for the plaintiff or for the defendant in general terms." Black's Law Dictionary 1560 (6th ed.1990).

*Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003) (citation omitted).

In this case, the jury's answers to the specific inquiries quoted *supra* make it plain, I suggest, that the jury did *not* render a general verdict on this count. Using Black's terminology, the jury did *not* "find either for the plaintiff or the defendant in general terms[.]" Rather, the jury returned a special verdict, answering four explicit inquiries made by the trial judge. These inquiries forced the jury, in the words of Black's Dictionary, to "focus exclusively on its fact-finding role" and clarified the objects of the conspiracy found beyond reasonable doubt attributable to Petitioner. I further suggest that the Government is correct that the cases cited by Petitioner in his memorandum, such as *U.S. v. Dale*, 178 F.3d 429 (6th Cir. 1999),[1] are distinguishable, because in those cases general verdicts were rendered, but in this case a special verdict was rendered.

Furthermore, with regard to Petitioner's pure Fifth Amendment argument, a claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless the

---

[1] The court in *U.S. v. Dale* held that, where a defendant is charged with a conspiracy covering two drugs, the verdict is merely general rather than specific, and one charged drug allows for a sentence above the maximum for another charged drug, the shorter maximum sentence should be used. *Id.* at 434.

6

petitioner demonstrates cause and actual prejudice to excuse his failure to file the claim previously. *United States v. Frady*, 456 U.S. 152, 167-69, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). I suggest that this ground for relief was known from the time the jury rendered its verdict, and thus, could have been raised on direct appeal but was not. Moreover, Petitioner has made none of the required showings of cause and actual prejudice in order for this allegation to receive habeas review, and this failure, I suggest, serves as an alternative basis supporting the denial of this ground for relief.

Finally, I note that Petitioner was sentenced within the applicable guideline ranges on every count against him and that the subsequent reduction of the original sentence by over one-third further undercuts the viability of his claims.

**2.     Ineffective Assistance of Counsel – Counsel Sleeping During Trial**

In a footnote appearing in his supporting memorandum, Petitioner argues that Judge Lawson should have granted his motion for new counsel based on Petitioner's allegations that Attorney Scorsone slept during the trial proceedings. (Pet'r's Mem. in Supp., Dkt. 898 at 5, n.1.) Review of the record indicates that this motion was made during Petitioner's sentencing. (Sentencing Tr., Dkt. 823 at 10.) Judge Lawson immediately confronted Mr. Scorsone on the record, and Mr. Scorsone candidly answered as follows:

> THE COURT: Were you sleeping at all during the trial?
>
> MR. SCORSONE: Your Honor, in all honesty – asleep? No. Nodding off for a few seconds or – at a time I found myself doing that. But I don't honestly think that I was nodding off to the extent that I missed anything.

(*Id*. at 11.)

Judge Lawson then ruled as follows:

>THE COURT: Well I will state for the record that having sat through the entire trial and observing counsel and the parties, there were times when I observed some of the defendants appearing to have been asleep. I did not notice any of the attorneys in that condition. Had I noticed anything of that nature, I would have stopped the proceedings, addressed it and corrected it. And that goes for everybody, including you, Mr. Scorsone.
>
>I did not observe that you were asleep during the trial, nor do I believe that – nor do I find – that you were inattentive in any form or fashion during the testimony of witnesses, particularly witnesses that provided testimony that was critical to the guilt or innocence of Mr. Rudy Liddell in the case.
>
>That claim by Mr. Liddell is really the only basis upon which one might form an opinion that counsel ought to be discharged and the motion should be granted.
>
>Having found the factual basis for the motion is not established, the motion to discharge Mr. Scorsone is denied and Mr. Scorsone is the attorney of record in the case.
>
>Under those circumstances, I do not believe that there's any basis to adjourn the sentencing.
>
>Further, the verdict in this case was returned on March 29, and it is now September 27. Time has been spent and continuances have been granted for legitimate reasons related to the sentence, but now is the time to impose the sentence in the case and we'll proceed with that.

(*Id*. at 11-12.)

In light of the trial judge's explicit findings, I suggest that this ground for relief fails.

### 3.  Evidentiary Hearing

Petitioner contends that the issues he has raised entitle him to an evidentiary hearing. Section 2255 provides that a district court should grant a Petitioner's motion to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show the petitioner is entitled to no relief." 28 U.S.C. § 2255. To warrant a hearing, a petitioner must allege specific facts that, if true, would entitle him to relief. Mere conclusory statements are insufficient. *U. S. v. Walker*, No. 96-2419, 2000 WL 353518, at **4 (6th Cir. March 30, 2000) (unpublished). For

8

the reasons set forth above, I suggest that Petitioner is not entitled to an evidentiary hearing, as the "records of the case conclusively show the petitioner is entitled to no relief." *Id.*

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                  s/ *Charles E Binder*
                  CHARLES E. BINDER
Dated: April 12, 2005           United States Magistrate Judge


### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Michael Hluchaniuk, and served in the traditional manner on Ruby Liddell.

Dated: April 12, 2005          By   s/Mary E. Dobbick
                  Secretary to Magistrate Judge Charles Binder