UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBY LIDDELL,

                      Petitioner,

v.

UNITED STATES OF AMERICA,

                      Respondent.

_____/

Criminal Case Number 99-20018
Civil Case Number 04-10121
Honorable David M. Lawson

## OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING RECOMMENDATION, AND DENYING MOTION TO VACATE SENTENCE

      The petitioner, Ruby Liddell, was convicted of various drug and weapons offenses and sentenced to concurrent prison terms totaling 324 months in prison. The sentences later were reduced to 204 months. He filed a motion under 28 U.S.C. § 2255 to vacate his sentence, which the Court referred to Magistrate Judge Charles E. Binder for a report and recommendation. Judge Binder filed a report recommending that the motion be denied, and the petitioner filed timely objections. The Court has conducted a *de novo* review of the matter. It appears that, as the magistrate judge observed, the petitioner's motion is based on his erroneous belief that the jury returned a general verdict on the conspiracy count, which undermined the Court's ability to apply the graduated sentence scheme Congress enacted for the quantities and types of drugs listed in the subsections of 21 U.S.C. § 841(b). The petitioner echoes that misunderstanding in his objections. The Court concludes that the petitioner's objections lack merit, the magistrate judge correctly decided the issues, and the motion should be denied for the reasons set forth in the report.

I.

On February 25, 1999, a grand jury returned a multi-count indictment charging the petitioner and several others with conspiracy to possess and distribute crack cocaine, powder cocaine, heroin, and marijuana. On September 27, 2000, a second superseding indictment was filed charging the petitioner and 21 others with several drug and weapons offenses. The petitioner himself was charged with conspiracy to possess and distribute a variety of illegal controlled substances in violation of 21 U.S.C. § 846 (count 1); intentional possession with the intent to distribute a quantity of marijuana (count 14); and being a previously-convicted felon in possession of firearms (count 30).

Many members of the conspiracy pleaded guilty, and on March 1, 2001, a jury trial commenced against the petitioner and five other defendants. On March 30, 2001, the jury returned its verdict, finding the petitioner guilty on all counts. A separate verdict form was prepared for each defendant. On each verdict form, the relevant counts were listed along with the possible verdicts for that count. On the petitioner's verdict form for the conspiracy count (count one), the jury was given twelve specific "guilty" options and specifically instructed that their decision must be unanimous. The jury found the petitioner guilty on the conspiracy charge and checked the boxes indicating the verdict was based upon the following kinds and quantities of controlled substances as follows:

> As to Count 1 of the indictment, we, the jury, by unanimous verdict, find the defendant, Ruby Liddell:
>
> \_\_\_\_ Not guilty.
>
> _X_ Guilty of conspiracy to commit the crime of possession with intent to distribute or to distribute the following:
>    _X_  various quantities of cocaine totaling 5 kilograms or more
>    \_\_\_\_  various quantities of cocaine base (crack cocaine) totaling 50 grams or more
>    \_\_\_\_  various quantities of marijuana totaling 1,000 kilograms or more.

    or
    ____ various quantities of heroin totaling 100 grams or more
    ____ various quantities of cocaine totaling 500 grams but less than 5 kilograms
    ____ various quantities of cocaine base (crack cocaine) totaling 5 grams but less than 50 grams
    ____ various quantities of marijuana totaling 100 kilograms but less than 1,000 kilograms.
    or
    _X_ various quantities of heroin totaling less than 100 grams,
    ____ various quantities of cocaine totaling less than 500 grams
    _X_ various quantities of cocaine base (crack cocaine) totaling less than 5 grams
    ____ various quantities of marijuana totaling 50 kilograms but less than 100 kilograms.
    or
    _X_ various quantities of marijuana totaling less than 50 kilograms.

**(You may select more than one kind of controlled substance for which the defendant is accountable, but you may not select more than one quantity range for each kind of controlled substance. Your verdict as to the kind and amount of a controlled substance must be unanimous.)**

Liddell Verdict Form, dkt # 646.

At sentencing on September 27, 2001, the petitioner moved to discharge his attorney and continue the sentencing. The petitioner informed the Court that his attorney, Mr. Scorsone, fell asleep during the trial. The following exchange took place:

> THE COURT: Were you sleeping at all during the trial?
> MR. SCORSONE: Your Honor, in all honesty – asleep? No. Nodding off for a few seconds or – at a time I found myself doing that. But I don't honestly think that I was nodding off to the extent that I missed anything.
> . . .
> THE COURT: Well I will state for the record that having sat through the entire trial and observing counsel and the parties, there were times when I observed some of the defendants appearing to have been asleep. I did not notice any of the attorneys in that condition. Had I noticed anything of that nature, I would have stopped the proceedings, addressed it and corrected it. And that goes for everybody, including you, Mr. Scorsone. I did not observe that you were asleep during the trial, nor do I believe that – nor do I find – that you were inattentive in any form or fashion during the testimony of witnesses, particularly witnesses that provided testimony that was critical to the guilt or innocence of Mr. Rudy Liddell in the case. That claim by Mr. Liddell is really the only basis upon which one might form an opinion that counsel

ought to be discharged and the motion should be granted. Having found the factual basis for the motion is not established, the motion to discharge Mr. Scorsone is denied and Mr. Scorsone is the attorney of record in the case. Under those circumstances, I do not believe that there's any basis to adjourn the sentencing. Further, the verdict in this case was returned on March 29, and it is now September 27. Time has been spent and continuances have been granted for legitimate reasons related to the sentence, but now is the time to impose the sentence in the case and we'll proceed with that.

Sentencing Tr. at 11-12.

The Court sentenced the petitioner to 324 months on count 1; 60 months on count 14; and 120 months on count 30, all to run concurrently. The petitioner appealed his conviction raising a variety of issues, none of which included the grounds raised in the present motion, and the court of appeals affirmed the convictions on June 7, 2003. Thereafter, the government filed a motion to reduce the petitioner's sentence, which the Court granted on August 2, 2004, reducing the sentence on count one to 204 months.

On May 3, 2004, the petitioner filed a motion pursuant to 28 U.S.C. § 2255 to correct his sentence on count one. The motion raises two issues, both related to the petitioner's belief that the jury returned a general verdict rather than a special verdict on count one, which charged the petitioner with conspiracy to possess with intent to distribute the multiple drugs listed above. According to the petitioner, the jury found him guilty on count one without specifying which drug (cocaine, cocaine base, heroin, or marijuana) he conspired to possess with intent to distribute. Because the sentence varies based on the drug, the petitioner claims he must be given the shortest sentence possible consistent with the general verdict. The petitioner's first claim is that his Sixth Amendment rights were violated when his attorney was ineffective at sentencing for failing to raise this argument. In a footnote, the petitioner also claims his attorney fell asleep during his trial and failed to file his appeal. The petitioner's second claim is that his Fifth Amendment rights were

violated when the Court sentenced him on count one in excess of the shortest possible sentence. The petitioner also sought a hearing.

The magistrate judge found that the jury returned a special verdict, not a general verdict. Because both of the petitioner's main claims were premised on the idea that a general verdict was returned by the jury, the magistrate judge concluded that the petitioner was not entitled to relief. Regarding Mr. Scorsone's sleeping at trial, the magistrate judge concluded that the Court's finding that Mr. Scorsone was not "inattentive in any form or fashion during the testimony of witnesses, particularly witnesses that provided testimony that was critical to the guilt or innocence of Mr. Rudy Liddell in the case," precluded a finding of deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Finally, the magistrate judge concluded that the petitioner was not entitled to an evidentiary hearing.

The petitioner objects to the magistrate judge's conclusion that the jury returned a special verdict. The petitioner contends that the jury returned a general verdict accompanied by interrogatories. He therefore requests that the report be rejected. He also asserts that the verdict form was not individualized for each defendant and that the rule of lenity should be applied. The petitioner's objections do not mention his attorney sleeping or failing to file an appeal.

II.

When objections are filed to a report and recommendation by a magistrate judge on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to certain

conclusions of the Report and Recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The legal premise of the petitioner's argument is sound: if the jury renders a general verdict in a case in which the statute specifies different punishments that depend on how the statute was violated, a general verdict will expose the defendant only to the most lenient prescribed punishment. *United States v. Dale*, 178 F.3d 429, 432 (6th Cir. 1999) (holding that "when the jury returns a general verdict to a charge that a conspiratorial agreement covered multiple drugs, the defendant must be sentenced as if he distributed only the drug carrying the lower penalty"). The petitioner's claim affords him no right to relief, however, because it has absolutely no factual support. Contrary to the petitioner's belief, the jury specifically found him guilty of conspiracy to possess and distribute 5 kilograms or more of cocaine, less than 100 grams of heroin, less than five grams of crack cocaine, and less than 50 kilograms of marijuana. Any claim that he is entitled to a lower sentence because the jury returned a general verdict therefore fails.

The petitioner's ineffective assistance of counsel claim is premised on his lawyer's failure to advance this argument at sentencing. However, because there was no valid basis to challenge the sentence based on the jury's verdict, the petitioner's attorney's performance cannot be considered deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), for his failure or refusal to mount such a challenge. *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) (holding that "there can be no

constitutional deficiency in appellate counsel's failure to raise meritless issues"). The magistrate judge correctly rejected the petitioner's claim that his Sixth Amendment rights were violated.

Regarding the petitioner's assertion in a footnote that his attorney slept during the trial and failed to file an appeal, those claims are waived because the petitioner's objections do not contain argument on them. *See Smith*, 829 F.2d at 1373. However, as the magistrate judge properly noted, the Court at sentencing found that the petitioner was not prejudiced by his attorney's dozing as the Court did not even notice it. Without prejudice, the petitioner cannot prevail on an ineffective assistance claim. *Strickland*, 466 U.S. at 688, 693; *Baze v. Parker*, 371 F.3d 310, 321 (2004). Nor does the petitioner have an ineffective assistance claim based on his attorney's failure to file an appeal since his attorney did, in fact, file an appeal.

The second claim is related to the first in that the petitioner believes that the jury's verdict did not expose him to the sentence he ultimately received. The petitioner did not raise this issue on direct appeal, although he could have. A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). In *United States v. Frady*, 456 U.S. 152 (1982), the Supreme Court observed:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims in a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment

commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*Id.* at 164-65. *Accord Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating that "respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal"). Where a defendant fails to assert claims on direct appeal and attempts to raise them in a § 2255 motion, "he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528.

The petitioner has offered no cause for failing to raise this Fifth Amendment issue on direct appeal, and certainly he can show no prejudice because the claim that the jury returned only a general verdict has no merit.

III.

The Court finds that the petitioner's objections to Magistrate Judge Binder's report and recommendation lack merit.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt # 934] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt # 929] is **ADOPTED**.

It is further **ORDERED** that the petitioner's motion to vacate his sentence [dkt # 898] is **DENIED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: June 26, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 26, 2007.

                                    s/Felicia M. Moses
                                    FELICIA M. MOSES